Filed 1/10/23 P. v. Mattison CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078991 |
| v. | (Super.Ct.No. INF047989) |
| ROBIN FREDERICK MATTISON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Robin Frederick Mattison, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*),[2] setting forth a statement of the facts, a statement of the case, and one potentially arguable issue: whether the trial court erred in denying defendant's petition based on the record of conviction.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *People v. Delgadillo* (Dec. 19, 2022, S266305) ___ Cal.5th ___ [2022 Cal. Lexis 7654] (*Delgadillo*), the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. *10-*11.)

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

On August 7, 2004, while in their car, out of jealousy, defendant punched his girlfriend (the victim) in the stomach, grabbed her by the hair, and yanked her down. Defendant told her he "wouldn't have any problem" dumping her into the Salton Sea. Defendant stated he would rig the car to sink with her dead body. The victim managed to get away from defendant. She walked the three or four miles to defendant's ex-mother-in-law's home where they were all living. (*Mattison*, *supra*, E046047.)

Defendant eventually returned to the home and began choking the victim. Defendant grabbed her by the hair and threw her to the ground. He put his foot on her stomach. The victim said she could not move. Defendant said, "good, I don't care." (*Mattison*, *supra*, E046047.)

Defendant's ex-mother-in-law was awakened by the commotion and called the police. She told defendant she had called the police. She remained on the line with dispatch and gave police permission to kick in the door to the residence. (*Mattison*, *supra*, E046047.)

Defendant, who had previously remarked how easy it would be to blow up the house by disconnecting the gas line to the water heater, retrieved some matches.

---

**3** On the court's own motion, we take judicial notice of our prior opinion from defendant's appeal from the judgment. (*People v. Mattison* (Dec. 1, 2009, E046047) [nonpub. opn.] (*Mattison*). (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).) Thus, we rely, in part, on *Mattison* for our factual and procedural recitation.

Defendant went to the water heater cabinet in the hallway where the victim heard metallic sounds. She heard the flick of defendant's cigarette lighter. (*Mattison*, *supra*, E046047.)

Officers kicked in the door of the home when they heard screams coming from therein. All three officers smelled gas. Two of the officers saw a hand reaching from the bathroom into the hallway, holding a handful of long fireplace matches. One of the matches was lit. One of the officers yelled that there was a gas leak and said, "he is trying to ignite the gas." (*Mattison*, *supra*, E046047.)

After tasing and subduing defendant, one of the officers tried to shut off the gas but could not locate the shutoff valve; he discovered that the line had been severed in more than one place. As the gas smell increased, the officers' urgency also increased. The officers called the fire department. Firefighters got the utilities shut off and ventilated the house. A gas company worker later restored the gas service. He found that the flexible connector had been severed and the valve was still open. He disconnected the flex line and shut and capped off the valve. (*Mattison*, *supra*, E046047.)

A jury convicted defendant of two counts of premediated, attempted murder (§§ 664, 187, subd. (a), counts I & II); three counts of attempted murder of a police officer (§ 217.1, subd. (b), counts III-V); one count of corporal injury to a cohabitant (§ 273.5, subd. (a), count VI); and one count of attempted arson (§ 455, count VII). (*Mattison*, *supra*, E046047.)

4

The court sentenced defendant to a determinate term of four years on count VI; imposed and stayed a two-year sentence on count VII; imposed consecutive, indeterminate life terms on counts I and III, imposed a concurrent life term on count II; and concurrent terms of 15 years to life on counts IV and V. (*Mattison*, *supra*, E046047.)

Defendant appealed his conviction. This court affirmed the judgment. (*Mattison*, *supra*, E046047.)

On December 10, 2021, defendant filed a former section 1170.95 form petition for resentencing. At the hearing on April 29, 2022. the People noted: "This is a one defendant case. The defendant was convicted in 2008 of two counts of attempted murder, three counts of . . . attempted murder of peace officers. A couple of other charges including arson. He was sentenced to prison for four years plus seven to life and 15 to life. There's various records that show the facts underlying the crime as he blew up a house or attempted to blow up a house. The jury instructions are in imaging. There are no instructions on natural and probable consequences. There's a 2010 appellate opinion in imaging that has no discussion of aiding and abetting. [¶] With the absence of natural and probable consequence instructions in relation to attempted murder charges, it fails on the face of it, and I think the facts undisputedly show that he's the person that attempted to kill these five victims. Under those circumstances, the Court has to deny or dismiss the petition."

The court responded: "So in terms of the underlying facts, I don't think I've reached that at this point. But in terms of the instructions that were given, I think I can reach that." The court asked defense counsel for a response. Defense counsel stated: "I don't disagree with anything that [the People] just said." The court ruled: "I'm prepared to deny the petition as unsupported that the fact that natural and probable consequences instructions were not given means that he is not eligible for relief, so the petition is denied."

## II. DISCUSSION

Because our order of October 14, 2022, implied that we would independently review the record for potential errors even if defendant chose not to file a supplemental brief, we exercise our discretion to do so even though not required. (*Delgadillo*, *supra*, ___ Cal.5th ___ [2022 Cal. Lexis 7654 at p. *18 ["[If the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice."]; *id* at p. *22 ["[I]t is wholly within the court's discretion [to] conduct[] its own independent review of the record in any individual section 1172.6 appeal."] *id*. at p. *25, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal . . . .].) We find no arguable issues.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                  J.

We concur:

RAMIREZ _____
              P. J.

MILLER _____
              J.